10-3408-ag(L)
Carnival Carting, Inc. v. NLRB

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of January, two thousand twelve.

Present:
        ROBERT D. SACK,
        ROBERT A. KATZMANN,
        BARRINGTON D. PARKER,
                *Circuit Judges.*

_____

CARNIVAL CARTING, INC., ROMAR SANITATION, INC.,

        *Petitioners-Cross-Respondents*,

        v.                                          Nos.   10-3408-ag(L)
                                                           10-3410-ag (XAP)

NATIONAL LABOR RELATIONS BOARD,

        *Respondent-Cross-Petitioner.*

_____

For Petitioners-Cross-Respondents:        EMANUEL F. SARIS, Hyde Park, N.Y.[1]

_____

[1] On December 6, 2011, counsel for the National Labor Relations Board (the "Board") filed a motion to dispense with oral argument. Two days later, Emanuel F. Saris, Esq., counsel for petitioners-cross-respondents, filed an objection to the Board's motion. On December 9, 2011, the Court granted the Board's motion to submit the case on the briefs, but informed Mr. Saris via phone call that he could appear to argue the case. The Court left Mr. Saris a similar message on December 13, 2011, and also informed him that it was unnecessary to submit the

For Respondent-Cross-Petitioner:     MACKENZIE FILLOW, Attorney (Robert Englehart, Supervisory Attorney; Lafe E. Solomon, Acting General Counsel; Celeste J. Mattina, Acting Deputy General Counsel; John H. Ferguson, Associate General Counsel; and Linda Dreeben, Deputy Associate General Counsel, *on the brief*), National Labor Relations Board, Washington, D.C.

_____

Petition for review and cross-application for enforcement of a decision and order of the National Labor Relations Board (the "Board").

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **DENIED** and the cross-application for enforcement is **GRANTED**.

Petitioners-Cross Respondents Carnival Carting, Inc. ("Carnival") and Romar Sanitation, Inc. ("Romar") (collectively, the "Companies") respectively seek review and enforcement of a decision and order of the Board, entered on July 13, 2010, affirming the finding of an Administrative Law Judge ("ALJ") that the Companies constituted a "single employer" within the meaning of the National Labor Relations Act (the "Act"), 29 U.S.C. § 151 *et seq.*, and were thus jointly and severally liable for back pay owed in connection with Carnival's unlawful discharge of Frank Mendez. The Companies argue that the Board erred in concluding that the Companies constituted a "single employer." They argue in the alternative that (1) the Board's complaint was barred by the statute of limitations and the doctrine of laches; (2) the ALJ denied them due process of law; (3) the ALJ was biased; and (4) the Board abused its discretion in denying their motion for reconsideration and reopening of the record. We assume the parties' familiarity with the facts and procedural history of this case.

_____

motion for reconsideration he had faxed that same day. Mr. Saris nonetheless failed to appear for oral argument on December 14, 2011.

2

"We must enforce the Board's order if the Board's legal conclusions have a reasonable basis in law and if its factual findings are supported by substantial evidence on the record as a whole." *NLRB v. Windsor Castle Health Care Facilities, Inc.*, 13 F.3d 619, 623 (2d Cir. 1994) (citation omitted). "Deference is given to the NLRB's decision, and all reasonable inferences are drawn in its favor." *Lihli Fashions Corp. v. NLRB*, 80 F.3d 743, 747 (2d Cir. 1996) (per curiam). The determination of single employer status is a question of fact. *Id.*

We begin with the Companies' argument that the Board erred in concluding that the Companies constituted a single employer for purposes of the Act. To determine single employer status, we consider four factors: (1) "interrelation of operations," (2) "common management," (3) "centralized control of labor relations," and (4) "common ownership." *Id.* at 747. "[N]ot every factor need be present [for single employer status to attach], and no particular factor is controlling. Ultimately, single employer status depends on all the circumstances of the case and is characterized by absence of an arm's length relationship found among unintegrated companies." *Id.* (internal quotation marks and citation omitted).

As an initial matter, there is no genuine dispute that two of the factors — common management and common control — are satisfied here. At times relevant to this case, Roger Carnivale was the president and sole manager of both Carnival and Romar. He hired and fired Carnival's employees, determined their salaries, and trained them. Further, Carnivale paid bills and entered into real estate transactions on behalf of both companies. There is no evidence that any person other than Carnivale made decisions regarding the operations of either company. *Cf.*, *Sakrete of N. Cal., Inc. v. NLRB*, 332 F.2d 902, 906 (9th Cir. 1964) (finding two companies constituted single employer where "the management of both resides virtually in one man" and "both are commonly owned and financially controlled").

As for the third factor — interrelation of operations — there is substantial evidence to conclude that both Carnival and Romar were headquartered at 51-29 64th Street in Woodside, Queens, a building owned by members of Carnivale's family. Although Romar's only business revenue derived from renting the building where Carnival stored its garbage trucks, the ALJ found that Romar never pursued Carnival for failing to pay rent for five years. The Companies argue that the record is devoid of substantial evidence to support these findings because "[t]here was no specific finding of unpaid rent . . . [and] expert testimony with respect to rental of the premises was not set forth." We disagree. It is reasonable to infer non-payment of rent from the evidence on the record, and the ALJ's reliance on this rental relationship as evidence of the interrelation of operations also is reasonable.

"[A]lthough the Board typically accords centralized control of labor relations substantial importance in the single-employer analysis," it is "inappropriate" to do so where one of the companies has no employees. *Bolivar-Tees, Inc.*, 349 N.L.R.B. 720, 722 (2007), *enforced* 551 F.3d 722 (8th Cir. 2008). Here, the ALJ concluded that Romar had no employees other than Carnivale. In any event, the Board found that Carnivale exercised control of the labor relations of both Carnival and Romar. Although Mendez testified that he worked for Carnival, Carnivale used Romar's bank account to pay Mendez's wages. Further, Romar issued to Mendez a tax form indicating that Mendez worked for "Romar Sanitation, Inc. DBA Carnival Carting, Inc." Supp. App. 45.

The Companies nevertheless argue that Mendez was employed only by Romar and that Carnivale, solely in his capacity as Romar's owner, hired and fired Mendez. In the underlying unfair labor practice hearing, Mendez's testimony established that he worked as a "helper" on one of Carnival's garbage trucks, "helping to pick up garbage from restaurants and bars all over

4

Manhattan." *Carnival Carting, Inc.*, 29-CA-20586, 2000 WL 33665498 (NLRB Sept. 18, 2000). The Board concluded in its November 16, 2000 order that Mendez worked for Carnival and that Carnival fired Mendez because he engaged in protected union activity. This Court thereafter affirmed that conclusion and enforced the Board's order. *NLRB v. Carnival Carting Inc.*, No. 01-4034 (2d Cir. Apr. 24, 2001). Accordingly, the question whether Mendez was an employee of Carnival may not be relitigated here. *See, e.g.*, *NLRB v. Harding Glass Co.*, 500 F.3d 1, 6 (1st Cir. 2007).

The Companies rejoin that they cannot constitute a single employer because Carnival was in the trash removal business but Romar was not. We disagree. The Board has found a single-employer relationship among nominally separate companies that did not work in the same industry. In *Three Sisters Sportswear Co.*, 312 N.L.R.B. 853 (1993), *enforced* 55 F.3d 684 (Table) (D.C. Cir. 1995), for example, the Board found that a real-estate management company and several companies that manufactured knitted clothing constituted a single employer. Like the Companies here, the employer in *Three Sisters* argued that because one company was "involved in real estate ownership and management, a business 'totally and completely' removed from that of the other companies, a single employer relationship cannot be found." *Id.* at 863. The ALJ, however, summarily rejected this argument in the recommended order adopted by the Board: "Notwithstanding the different business purposes between real estate companies and other types of businesses, a single employer relationship can be found particularly where there is evidence of a lack of an arm's-length relationship between the entities." *Id.* That Carnival and Romar were not in the same business is therefore immaterial.

The Companies argue next that the Board's complaint against Romar in the instant compliance proceeding is barred by the applicable statute of limitations. A six-month statue of

limitations applies to unfair labor practice charges brought by the Board.  29 U.S.C. § 160(b).

We have expressly recognized, however, that "derivative liability may be imposed without regard to the fact that the limitations period has expired." *Associated Gen. Contractors of Conn., Inc. v. NLRB*, 929 F.2d 910, 915 (2d Cir. 1991).  Accordingly, the Companies' argument that the Board's complaint is barred by the statute of limitations is without merit.

Finally, we turn to the Companies' contention that the complaint was barred by the doctrine of laches on the theory that the General Counsel of the Board "delay[ed] in seeing an action against Romar" from 1996, when Mendez first testified in an arbitration hearing against Carnival, until 2008, when the General Counsel commenced the instant compliance proceedings.  Pet'r Br. 63.  The doctrine of laches requires proof of lack of diligence and prejudice.  *See, e.g.*, *Costello v. United States*, 365 U.S. 265, 282 (1961).  Upon our review of the record, we find no evidence that the Board delayed unnecessarily in initiating this compliance proceeding or that the Companies were prejudiced by any such delay.

We have considered the Companies' remaining arguments and find them to be without merit.  For the reasons stated herein, the petition for review is **DENIED** and the cross-application for enforcement is **GRANTED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6